IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EZEMOND SMITH, EMMETT THOMPSON, and JEFFREY HUNTER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**BFI Waste Services, LLC d/b/a Republic Services,**<br><br>**Defendant.** | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiffs Ezemond Smith, Emmett Thompson, and Jeffrey Hunter file this Complaint against Defendant BFI Waste Services, LLC d/b/a Republic Services, showing the Court as follows:

### Introduction

1. In this action, Plaintiffs Smith, Thompson and Hunter seek to recover unpaid overtime wages, liquidated damages, and costs of litigation from their former employer, Defendant BFI Waste Services, LLC, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

**Parties, Jurisdiction, and Venue**

2. This Court has original jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because it arises under a federal statute.

3. Mr. Smith is a natural person residing in Forsyth County, Georgia.

4. Mr. Thompson is a natural person residing in Gwinnett County, Georgia.

5. Mr. Hunter is a natural person residing in Douglas County, Georgia.

6. Defendant BFI is a foreign corporation registered and licensed to do business in the State of Georgia.

7. BFI may be served with process through its registered agent, CT Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046.

8. BFI is subject to the personal jurisdiction of this Court because it regularly conducts business and maintains offices in this District.

9. Venue properly lies in this district and division pursuant to 28 U.S.C. § 1391(b)–(c) because Defendant is subject to this Court's personal jurisdiction and because the actions complained of herein occurred in this district and division.

**Employment Relationship and FLSA Coverage**

10. BFI is a limited liability company that provides commercial and residential waste disposal services to customers in Georgia.

11. Mr. Smith worked for BFI from approximately June 2016 through April 2020.

12. Mr. Thompson worked for BFI from approximately 2015 through April 24, 2020.

13. Mr. Hunter worked for BFI from approximately April 2019 through March 2020.

14. As waste disposal drivers, Plaintiffs' primary duties consisted of driving waste disposal trucks to BFI customer locations, picking up customers' garbage and waste or containers holding customers' garbage and waste, and dumping the garbage and waste at specified locations.

15. Throughout Plaintiffs' employment, BFI compensated them on a purported day-rate basis.

16. Throughout Plaintiffs' employment, Plaintiffs were not exempt from the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207).

17. Throughout Plaintiffs' employment, BFI was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d).

18. In 2017, BFI had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. In 2017, BFI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20. In 2017, BFI was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

21. In 2018, BFI had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22. In 2018, BFI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23. In 2018, BFI was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

24. In 2019, BFI had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25. In 2019, BFI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26. In 2019, BFI was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

27. In 2020, BFI had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28. In 2020, BFI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29. In 2020, BFI was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**Overtime Violation**

30. At all relevant times, the Fair Labor Standards Act required BFI to compensate Plaintiffs at one-and-one-half times their regular hourly rate for all hours worked in excess of forty (40) in any given workweek.

31. At all relevant times, BFI knew or should have known that Plaintiffs were entitled to be compensated at one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

32. Plaintiffs worked for BFI in excess of 40 hours per week in a large majority of their workweeks.

33. BFI failed to compensate Plaintiffs at the rate of one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours per week.

34. Furthermore, BFI automatically deducted 30 minutes of time from each workday for purported meal breaks, although Plaintiffs were not completely relieved of their duties during those times, and the meal breaks should have been included in calculating the overtime wages to which Plaintiffs were entitled.

35. Upon information and belief, BFI did not rely on any letter ruling from the U.S. Department of Labor in making its decision not to compensate Plaintiffs at the required overtime rate.

36. Upon information and belief, BFI did not rely on any legal advice in making its decision not to compensate Plaintiffs at the required overtime rate.

37. BFI's failure to compensate Plaintiffs in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because BFI either knew or acted with reckless disregard of whether their conduct was prohibited by the FLSA.

38. BFI's failure to compensate Plaintiffs in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because BFI did not adequately investigate its overtime obligations to Plaintiffs.

39. BFI's failure to compensate Plaintiffs in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 259.

40. BFI's failure to compensate Plaintiffs in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 260.

## COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

41. Throughout their employment, Plaintiffs worked in excess of 40 hours per week during a large majority of workweeks.

42. BFI was required to compensate Plaintiffs at the rate of one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours in each workweek.

43. BFI failed to compensate Plaintiffs at the required overtime rate for all hours worked in excess of 40 hours per week in each workweek.

44. BFI's failure to compensate Plaintiffs at the required overtime rate for all hours worked over 40 hours per week is a violation of 29 U.S.C. § 207 and 215.

45. Plaintiffs are entitled to receive their unpaid overtime wages, liquidated damages in an amount equal to their actual damages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages,

and their costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a) Grant a trial by jury as to all matters properly triable to a jury;

(b) Issue a judgment declaring that Plaintiffs were covered by the FLSA and that Defendants failed to comply with the maximum hour requirements of the FLSA;

(c) Award Plaintiffs proper payment for each overtime hour worked during the three years preceding the filing of this action, and liquidated damages equaling 100% of the unpaid overtime wages due to Plaintiffs;

(d) Award Plaintiffs prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(e) Award Plaintiffs nominal damages;

(f) Award Plaintiffs their costs of litigation, including reasonable attorney's fees; and

(g) Award any and such other further relief this Court deems just, equitable, and proper.

This 24th day of August 2020,

    Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

<u>/s/ Matthew W. Herrington</u>
Charles R. Bridgers
Ga. Bar No. 080791
Matthew W. Herrington
Ga. Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com    Counsel for Plaintiffs
matthew.herrington@dcbflegal.com