IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **EZEMOND SMITH, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:20-CV-3490-ELR** |
| **v.** | : | |
| | : | **[Magistrate Judge Bly]** |
| | : | |
| **BFI WASTE SERVICES, LLC** | : | |
| **d/b/a Republic Services,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER SCHEDULING MEDIATION</u>

This case has been referred to the undersigned for purposes of conducting a mediation/settlement conference. The parties must appear before the undersigned on **Friday, March 5, 2021 at 9:30 A.M**. The settlement conference will be conducted by video using the Zoom platform. Counsel will be sent instructions prior to the mediation.

It is hereby ordered that, prior to the formal mediation session, the parties shall:

1.     Submit a brief, informal, confidential, *ex parte* memorandum to the undersigned no later than **12:00 p.m. on February 26, 2021,** by e-mail directly to the undersigned at christopher_c_bly@gand.uscourts.gov. The memoranda shall not be

filed with the Clerk of Court. Also give notice to opposing counsel—without divulging the contents of the submission—that you e-mailed the submission to the Court. The submission shall contain the following information:

      a.     a concise, factual, non-argumentative recitation of the evidence that the party expects to produce at trial, together with the theory of recovery or defense;

      b.     an honest introspective analysis of the strengths and weaknesses of the case;

      c.     a discussion of the settlement negotiations to date (as further explained in paragraph 2 below); and

      d.     an explanation of what, if any, impediments exist that inhibit settlement of the case.

A party may also electronically attach to the memorandum any deposition transcripts or documents that are helpful to understanding the party's position. A party should not attach more than three deposition transcripts and five documents without first discussing the need for additional attachments with the undersigned.

2.     Mediation/settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a

2

serious effort to settle the case on their own. Before arriving at the conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. To that end, no later than **14 days** before the confidential memorandum described above is to be submitted to the undersigned, Plaintiff(s) shall deliver to Defendant(s) a written itemization of damages and a settlement demand. No later than **7 days** before the confidential memorandum described above is to be submitted to the undersigned, Defendant(s) shall respond to the demand made by Plaintiff(s) with a written counteroffer. If time allows prior to the settlement conference, specific written counter-proposals shall be exchanged. The parties shall not copy the Court on these demands/offers/counter-proposals at the time they are made but must describe the pre-conference negotiations in their settlement memoranda. **PLEASE NOTE:** The exchange of demands and offers shall be made even if the parties have recently attempted to settle the case on their own or have already exchanged offers and demands. Counsel shall advise their clients that they must be prepared to engage in further negotiation at the conference.

3.     The undersigned will speak separately with counsel for each side by telephone prior to the mediation. It is each party's responsibility to call chambers at the designated time at 404-215-1330. The Court will contact counsel at a later date to schedule the times for the calls.

3

4.      At the mediation/settlement conference, the parties shall be prepared to make a brief (usually no longer than 10 minutes) presentation of the facts of the case in the presence of the opposing party. The parties shall be prepared to discuss with the undersigned the strongest and weakest points of the case, the latest settlement proposals made, and settlement proposals that they would be willing to make to conclude the matter and stop the expense, uncertainty, and anxiety of litigation. Separate, confidential caucuses will then be held with the parties or a party's representative(s) and counsel.

5.      Every party must have present at the mediation/settlement conference a representative with full authority to negotiate, approve, and enter into a binding agreement. For a private uninsured party, that means a person with sufficient authority to settle the case in the amount of the opposing party's last offer or demand. An insured party, in addition to having present a representative with full authority to negotiate, approve, and enter into a binding agreement, also shall appear by a representative of the insurer who is authorized to enter into a binding agreement up to the amount of the opposing party's last offer or demand. An uninsured government party shall appear by a representative authorized to enter into a binding agreement subject to approval by the relevant governing authority.

4

The Court expects to be advised well in advance of the settlement conference if the attendance of any required person presents an undue burden.

6.      The sole purpose of the conference is to facilitate settlement of this case. To that end, it will be conducted in such a manner so as not to prejudice any party in the event settlement is not reached. All matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the presiding judge(s).

**IT IS SO ORDERED**, this 8th day of February, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

AO 72A

5

(Rev.8/82)