# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EZEMOND SMITH, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:20-CV-03490-ELR |
| | * | |
| BFI Waste Services, LLC, | * | |
| *doing business as* | * | |
| Republic Services of Georgia, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

# O R D E R

_____

Presently before the Court is the Parties' "Joint Motion to Approve Settlement." [Doc 49]. Significantly, Plaintiffs Ezemond Smith, Emmett Thompson, and Arcollian Ellis' claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (internal quotation marks omitted) (quoting Barrentine v. Ark.-Best Freight Sys., 450 U.S. 728, 739 (1981)). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706

(1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. See id.

The Eleventh Circuit has acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. See id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. See id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." See id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

After reviewing the Parties' instant motion [Doc. 49-1], the Court finds there is a bona fide dispute regarding claims arising under the FLSA and that the Parties' proposed Settlement Agreement [Doc. 49-2] represents a fair and reasonable resolution to this action. Specifically, the Court notes that Defendant BFI Waste

Services, LLC has agreed to pay Plaintiffs and their counsel a total gross sum of $27,500.00, apportioned as follows: (1) to Plaintiff Smith, $6,141.66; (2) to Plaintiff Thompson, $6,141.66; (3) to Plaintiff Ellis, $6,141.66; and (4) to Plaintiffs' counsel, $9,075.02.[1]  [See id. at 3].  Thus, pursuant to the proposed Settlement Agreement, the Parties provide that "each Plaintiff will receive represent a significant amount of the damages they might receive if successful at trial, and that the amounts are reasonable in light of the risks of proceeding to trial."[2]  [Doc. 49-1 at 8].  Although Defendant denies Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon the above terms to resolve this dispute.  [See id. at 2, 7].

Additionally, the Court finds Plaintiffs' attorneys' fees to be reasonable.  [See Docs. 49-1 at 8; 49-2 at 3]; see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement.").  The instant motion indicates that Plaintiffs' attorneys' fees were agreed to separately from Plaintiffs' recovery, are "approximately equal to the amount

---

[1] The Court notes that former Plaintiff Jeffrey Hunter voluntarily dismissed his clams with prejudice on July 1, 2021, and thus, is not a party to the proposed Settlement Agreement. [See Doc. 42].

[2] Additionally, the Parties represent that the above proposed payments will compensate each Plaintiff "for his allegedly unpaid wages are reasonable in light of all of the applicable variables, variables, including the challenges of proving the hours each Plaintiff worked, the likelihood of success on the merits . . . and the overall risk/benefit calculation regarding the range of possible outcomes of continuing litigation[.]"  [Doc. 49-1 at 4].

recorded by Plaintiffs' counsel (and [their] staff) at rates reasonable for this district[,]" but "less than their actual fees incurred in this litigation at the regular hourly rates that have been approved by this Court on numerous previous occasions." [Doc. 49-1 at 4, 8].

Accordingly, the Court **REOPENS** this matter so that it may pronounce its instant rulings. The Court **GRANTS** the Parties' "Joint Motion to Approve Settlement" [Doc. 49] and **DIRECTS** Defendants to pay Plaintiffs and their counsel the amounts set forth in the Settlement Agreement. [Doc. 49-2]. Finally, per the Parties' request, the Court **DISMISSES WITH PREJUDICE** this action and **DIRECTS** the Clerk to close this case. [Doc. 49-1 at 9].

**SO ORDERED**, this 2nd day of August, 2022.

                                                     *Eleanor L. Ross*
                                                   Eleanor L. Ross
                                                   United States District Judge
                                                   Northern District of Georgia